## BIECHLER v JEWETT.

Ohio Appeals, 6th. Dist, Erie County

No 368. Decided Sept 24, 1931

Mr. J. F. McCrystal, Sandusky, and Mr. Louis Marquart, for plaintiff in erorr.

Messrs. King, Ramsey & Flynn, Sandusky, for defendant in error.

RICHARDS, J.

The language in the general charge which it is urged contains prejudicial error, is as follows:

"I say to you further, that if you find from the evidence in the case, that the plaintiff, and her daughter were jointly engaged in the operation of the car in which plaintiff was riding, and that while so engaged, either of them was guilty of negligence proximately causing or contributing to cause the accident and injury to plaintiff, then the plaintiff cannot recover and your verdict should be for the defendant."

"I say to you further, that if you find from the evidence in the case, that the plaintiff, and her daughter were jointly engaged in the operation of the car in which plaintiff was riding, and that while so engaged, either of them was guilty of negligence proximately causing or contributing to cause the accident and injury to plaintiff, then the plaintiff cannot recover and your verdict should be for the defendant."

The above language follows immediately after the instructions by the trial judge to the effect that imputed negligence does not obtain in Ohio and that the plaintiff is not deprived of her right of recovery by reason of contributory negligence of the driver of the car. The plaintiff had the right to control the car as it was being operated by her daughter who was a minor, but there is no evidence that plaintiff either exercised or undertook to exercise that right. On the contrary, she left the sole control of the car to the daughter. The evidence does not show that the plaintiff and her daughter were engaged in a joint enterprise within the meaning of the law, and the instruction quoted should not have been given to the jury. The daughter may have been her agent in driving the car, but even so, they were not engaged in a joint enterprise within the principles announced by the Supreme Court in **Bloom vs. Leach, Admr., 120 Oh St, 239.** However, it does not follow that because the trial judge erred in giving this instruction, the error was of such a prejudicial character as to require a reversal of the judgment. The case involved various issues, namely: the negligence of the defendant, the contributory negligence of the plaintiff riding in the front seat knowing the inexperience of the daughter in driving a car and the daughter's condition, and not keeping such lookout as ordinary care required in view of all these circumstances.

There was also in the case the issue as to the injury received by plaintiff.

The charge to which exception was taken related solely to the conduct of the plaintiff and her daughter and in no sense re-

lated to the negligence of the defendant. Therefore, the oft cited case of **McAllister vs. Hartzell, 60 Oh St, 69,** applies and for the error relating exclusively to one issue the judgment can not be reversed, the verdict being general. The jury may have found that the defendant was not guilty of any want of ordinary care and that finding alone would, of course, sustain the judgment.

For the reasons given the judgment will be affirmed.

Judgment affirmed.

LLOYD, and WILLIAMS, JJ, concur.